IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| BILLY E. ELMORE *and* ELIZABETH A. ELMORE | § § § § | PLAINTIFF |
|---|---|---|
| v. | § § | Civil No. 1:18cv379-HSO-JCG |
| SHADOW RIDGE FARMS, LLC, *et al.* | § § § § | DEFENDANTS |

# MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS BRIAN MORRIS AND MARTIN KALIN'S MOTION [32] FOR SUMMARY JUDGMENT AND DEFENDANT SHADOW RIDGE FARMS, LLC'S MOTION [34] FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT are Defendants Brian Morris and Martin Kalin's Motion [32] for Summary Judgment and Defendant Shadow Ridge Farms, LLC's Motion [34] for Partial Summary Judgment. This suit arises out of the foreclosure on real property owned by Defendant Shadow Ridge Farms, LLC, for which Defendants Brian Morris and Martin Kalin and Plaintiffs Billy E. Elmore and Elizabeth A. Elmore were secured creditors. Plaintiffs accuse Defendants of fraud and assert that Plaintiffs' deed of trust to the land should have priority over Defendants Brian Morris and Martin Kalin's deed of trust.

Defendants Brian Morris and Martin Kalin have filed a Motion [32] for Summary Judgment asking the Court to dismiss Plaintiffs' suit in its entirety. Defendant Shadow Ridge Farms, LLC, has filed a Motion [34] for Partial Summary

Judgment requesting that the Court dismiss all but two of Plaintiffs' claims against it. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendants Brian Morris and Martin Kalin's Motion [32] for Summary Judgment and Defendant Shadow Ridge Farm, LLC's, Motion [34] for Partial Summary Judgment should both be granted. All of Plaintiffs' claims against Defendants Brian Morris and Martin Kalin will be dismissed. Further, all of Plaintiffs claims against Defendant Shadow Ridge Farms, LLC, will be dismissed with the exception of the two seeking specific performance of the promissory note and attorney's fees.

## I. BACKGROUND

On September 8, 2016, Plaintiffs Billy E. Elmore and Elizabeth A. Elmore (collectively, "the Elmores") sold certain real property they owned in Jackson County, Mississippi, to Defendant Shadow Ridge Farms, LLC ("SRF"). Compl. [2-2] at 2; Def. Ex. J [32-11] at 5. The parties agreed on a $500,000.00 purchase price, with SRF paying Plaintiffs $120,000.00 at closing. Pl. Ex. A [36-1]. For the balance remaining on the purchase price of $380,000.00, SRF executed a promissory note in favor of the Elmores which was secured by a deed of trust. Compl. [2] at 2; Pl. Ex. E [37-5] at 1. SRF obtained the $120,000.00 down payment from a $500,000.00 loan it obtained from two of SRF's members, Defendants Brian Morris ("Morris") and Martin Kalin ("Kalin"). Def. Ex. J [34-11] at 5; Def. Ex. I [34-10] at 1. In exchange for the loan to SRF, Morris and Kalin received their own deed of trust to the property. Def. Ex. I [32-10] at 1; Pl. Ex. F. [37-6] at 1. Both the Elmores' loan to SRF and Morris and Kalin's loan to SRF were listed on the closing statement signed

by the Elmores. Def. Ex. J [32-11] at 5. Morris and Kalin's deed of trust was recorded on September 14, 2016, Def. Ex. F [36-6] at 1, and the Elmores' deed of trust was recorded on September 19, 2016, Def. Ex. E [36-5] at 1.

SRF later defaulted on its $380,000.00 balance owed to the Elmores. The Elmores filed suit against SRF, Morris, and Kalin for judicial foreclosure, specific performance, and attorney's fees in the Chancery Court of Jackson County, Mississippi, on April 19, 2017. Compl. [2-2]. When SRF similarly defaulted on the balance of the $500,000.00 loan it owed Defendants Morris and Kalin on August 18, 2017, they foreclosed on their deed of trust and purchased the property at public auction for $400,000.00. Def. Attach. [32-1] at 7; Def. Ex. F [34-7] at 3. The Elmores reacted by amending their state court complaint against SRF, Morris, and Kalin to include additional counts against all Defendants. *See* Am. Compl. [1-1].

Specifically, the Elmores alleged that Morris and Kalin's deed of trust "was executed without consideration" and should be set aside. *Id* at 3. The Amended Complaint also asserted that Plaintiffs were entitled to an accounting of the $500,000.00 which SRF borrowed from Morris and Kalin, *id.*, and accused all Defendants of fraud and fraud by omission, *id.* at 3-4. The Elmores contend that SRF executed the deed of trust in favor of Morris and Kalin to enable them to foreclose on the property before SRF satisfied the Elmores' promissory note. *Id.* Plaintiffs allege separate counts against all Defendants for fraud and fraud by omission, and separate counts seeking judicial foreclosure, specific performance, attorney's fees, removal of cloud on title, setting aside of the deed of trust, and an

3

accounting.

On December 4, 2018, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332, § 1441, and § 1446. Notice of Removal [1] at 1. Defendants filed their respective Motions [32] [34] for Summary Judgment and Partial Summary Judgment on August 2, 2019. In their jointly submitted supporting Memorandum [35], Defendants Morris and Kalin claim that they are entitled to summary judgment on all claims against them, and that Defendant SRF is entitled to partial summary judgment on all claims against it except for the two seeking specific performance and attorney's fees based upon SRF's failure to satisfy the Elmores' promissory note. Def. Mem. [35] at 2. The crux of Defendants' argument is that Morris and Kalin's deed of trust enjoys priority over Plaintiffs' under applicable Mississippi law, and that the Elmores' fraud claim is unsupported. *See* Def. Mem. [35]. Plaintiffs oppose the Motions [32] [34] largely on the belief that their deed of trust constitutes a purchase money security lien which enjoys priority over Morris and Kalin's deed.[1] *See* Pl. Resp. [36]

## II. DISCUSSION

A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the

---

[1] In their Response, Plaintiffs attempted to raise their own counter Motion for Summary Judgment. Because making a counter motion in a response to an opponent's motion violates Local Rule 7(b)(3)(C) and the purported motion was made well after the motions deadline expired in this case, the Court will construe Plaintiffs' counter motion as part of their Response to Defendants' Motions, but not as a separate motion.

4

nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

B.  <u>Plaintiffs' judicial foreclosure claim</u>

The Elmores request that the Court judicially foreclose on SRF's property. All Defendants assert, and the Court agrees, that they are entitled to summary judgment on this claim on grounds that the Elmores' request for relief is moot, as Morris and Kalin have already foreclosed on the property and their deed of trust has priority over the Elmores' deed of trust. Thus, the Court will dismiss the claim for judicial foreclosure.

Each party has argued that different provisions of Mississippi law apply to

5

this case. The Elmores contend that Mississippi Code Section 89-1-45 gives their deed of trust priority over Morris and Kalin's deed. Pl. Resp. [36] at 6. Morris and Kalin, on the other hand, take the position that Mississippi Code Section 89-5-5 supports their priority claim. Def. Mem. [35] at 6. The Court finds that both Code provisions are applicable to this case and, when read together, operate to give Morris and Kalin's deed of trust priority.

Mississippi Code Section 89-1-45 is titled "Mortgage for purchase money of land" and states that:

> Every mortgage given at the time of the purchase of real estate to secure the payment of the purchase money, whether such mortgage be given to the seller or to a third-party lender, shall be entitled to a preference over all judgments and other debts of the mortgagor, which preference shall extend only to the land purchased.

Miss. Code. Ann. § 89-1-45 (1972). Mississippi Code Section 89-5-5, which governs the priority of recorded instruments, directs that:

> Every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, as to all creditors and subsequent purchasers for a valuable consideration without notice, only from the time when delivered to the clerk to be recorded . . . the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.

Miss. Code Ann. § 89-5-5 (1972).

While each party claims that the other's deed of trust did not constitute a purchase money mortgage, § 89-1-45 makes clear that both deeds of trust constitute purchase money liens. *See* Miss. Code. Ann. § 89-1-45 (1972); 6 Jeffery Jackson et al., Encyclopedia of Mississippi Law § 51:24 (2d ed. 2019) (defining a purchase money deed of trust as a deed of trust "given at the time of the purchase of real

6

estate to secure the payment of the purchase price" that can be "in favor of the seller or a third party lender"). The Elmores' deed secured the $380,000.00 outstanding balance on the purchase price which they essentially loaned SRF at the closing to purchase the property. Similarly, Morris and Kalin loaned SRF $500,000.00, $120,000.00 of which SRF used as a down payment on the property, in exchange for a deed of trust in favor of Morris and Kalin. Thus, both deeds of trust appear to qualify as purchase money mortgages under § 89-1-45.

Section 89-5-5 dictates which instrument has priority. According to the plain language of § 89-5-5, the deed of trust which was first recorded is superior to the other, later-recorded deed of trust. *See* Miss. Code Ann. § 89-5-5 (1972); *U.S. Bank Nat'l Ass'n v. State Bank & Trust Co.*, 45 F. Supp. 3d 582, 587 (S.D. Miss. 2014) ("By statute in Mississippi, a deed of trust, once properly filed for record, is entitled to priority according to date of filing."). In this case, it is undisputed that Morris and Kalin's deed of trust was recorded five days before the Elmores' deed of trust. Therefore, Morris and Kalin's instrument enjoyed priority over the Elmores' instrument. *See Biglane v. Rawls*, 153 So. 2d 665, 673 (Miss. 1963) (giving priority to a deed filed four hours before a second deed).

Under Mississippi law, if the proceeds from a foreclosure sale do not satisfy the debt secured by a property's primary deed of trust, then the rights of a secondary deed of trust holder are cut off. *Crystal v. Duffy*, 493 So. 2d 942, 944 (Miss. 1986). In this case, Morris and Kalin, as holders of a primary deed of trust, foreclosed on SRF's land and it was sold at public auction. Def. Ex. B [34-3] at 2.

Morris and Kalin bid the highest amount at the auction, $400,000.00, and purchased the land. *Id.* at 3. Because SRF's land was sold for $100,000.00 less than the $500,000.00 SRF owed Morris and Kalin, Def. Ex. F [32-7] at 2-3, the rights of any secondary deed of trust holder were extinguished. *Crystal*, 493 So. 2d at 944 ("The rule of law is that a foreclosure sale, held for property which falls into default, will normally cut off the rights of one holding a secondary deed of trust where amounts paid are sufficient to absolve only a primary deed of trust."). Therefore, the Elmores do not have any foreclosure rights to the property.

The Elmores also contend that their deed of trust should be given priority over Morris and Kalin's because the Elmores were not told that they were receiving a junior lien. However, the Elmores have not offered any statute or caselaw to support this claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) ("Unsubstantiated assertions are not competent summary judgment evidence."). As such, Defendants have shown that they should be awarded judgment as a matter of law on Plaintiffs' claim seeking judicial foreclosure.

C.    Plaintiffs' request for specific performance and attorney's fees

Plaintiffs seek specific performance of SRF's promissory note and the recovery of attorney's fees due under the note. SRF has not moved for summary judgment on these claims, but Morris and Kalin have. Morris and Kalin maintain that they did not sign the promissory note given to the Elmores and the Elmores did not plead breach of contract against either of them in the Amended Complaint. Def. Mem. [33] at 17. The Elmores have not responded to this argument.

A non-moving party effectively abandons its claims when it fails to argue

8

those claims in opposition to a summary judgment motion. *Cavasoz v. Philippus*, 273 F.3d 1096, 1096 (5th Cir. 2001). To the extent the Amended Complaint brings claims for specific performance and attorney's fees against Morris and Kalin, the Elmores abandoned those claims when they failed to address them in their response to Morris and Kalin's summary judgment motion. As such, the Elmores' claims against Morris and Kalin for specific performance and attorney's fees should be dismissed. These claims shall remain pending as against SRF.

D.  Plaintiffs' accounting claim

Plaintiffs have alleged that they are entitled to an accounting of the $500,000.00 loan that Morris and Kalin made to SRF. Am. Compl. [1-1] at 3. Defendants argue that this claim is moot because they supplied Plaintiffs with SRF's bank account records during discovery in this case. Def. Mem. [35] at 11; Def. Ex. E [32-6]. Plaintiffs do not respond to or contest Defendants' assertion. As such, the Court will consider Plaintiffs' accounting claim abandoned and will dismiss it as a matter of law. *See Cavasoz*, 273 F.3d at 1096.

E.  Plaintiffs' fraud claim

The last two counts of Plaintiffs' Amended Complaint set forth claims against all Defendants for fraud and fraud by omission. Am. Compl. [1-1] at 3. According to the Elmores, SRF conspired with Morris and Kalin to execute a deed of trust in Morris and Kalin's favor without any consideration. *Id*. at 3-4. The Elmores assert that Defendants owed a duty to them to disclose the existence of Morris and Kalin's deed of trust and the fact that the Elmores' deed would be filed second. *Id*. Defendants contend that the Elmores' fraud claims should be dismissed because

9

there was consideration given for the deed of trust and Defendants did not owe a duty to disclose this information to the Elmores. Def. Mem. [35] at 11-15.

In order to prevail on a fraud or misrepresentation claim, a party must establish the following evidence by clear and convincing evidence: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted on only by the person and in the matter reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) his reliance upon its truth; 8) his right to rely thereon; and 9) his consequent and proximate injury. *Yowell v. James Harkins Builder, Inc.*, 645 So. 2d 1340, 1344 (Miss. 1994). The Elmores' theory is that Defendants acted fraudulently because Morris and Kalin did not give consideration to SRF in exchange for receiving their primary deed of trust. Am. Compl. [1-1] at 4. Specifically, the Elmores assert that Morris and Kalin conspired with SRF to ensure that their deed of trust gained priority over the Elmores' deed of trust so that Morris and Kalin could obtain the property without SRF having to repay the Elmores' loan to SRF. Pl. Mem. [36] at 8-9. Thus, the Elmores' fraud claim hinges on whether Morris and Kalin's deed of trust was supported by adequate consideration.

Defendants maintain that there was consideration supporting Martin and Kalin's primary deed of trust because SRF executed the deed of trust in exchange for Morris and Kalin's $500,000.00 loan to SRF. Def. Mem. [35] at 6. In support of their argument, Defendants have submitted the closing statement signed by the

Elmores and SRF at closing, which clearly reflects a $121,420.00[2] loan from Morris and Kalin to SRF, Def. Ex. J [32-11] at 5, and SRF's bank statement indicating a wire transfer from Morris and Kalin to SRF, Def. Ex. E [34-6]. Additionally, Defendants have submitted a signed loan agreement, Def. Ex. I [32-10] at 1-7, and a signed promissory note, Def. Ex. I [32-10] at 7, which both indicate that Morris and Kalin loaned SRF $500,000.00. The Elmores attempt to counter this evidence with testimony from the closing attorney that he did not know whether Morris and Kalin actually loaned SRF $500,000.00. Pl. Mem. [36] at 8; Pl. Ex. C [36-3] at 47.

In resolving a motion for summary judgment, a court views the evidence in the light most favorable to the non-movant and draws all reasonable inferences in its favor. *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018). However, "summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Here, the only evidence the Elmores submit to counter Defendants' assertion that their deed of trust was supported by consideration is the foregoing testimony of Patrick Sheehan, the closing attorney. Defendants, on the other hand, have offered up the closing sheet and a bank statement which both indicate that money was transferred from Morris and Kalin to SRF. They have also submitted a signed loan agreement, Def. Ex. I [32-10] at 1-7, and a signed promissory note, Def. Ex. I [32-10] at 7, showing that

---

[2] The extra $1,420.00 SRF paid at the closing covered its portion of the transaction's closing fees. Def. Ex. J [32-11] at 5.

11

Morris and Kalin loaned SRF $500,000.00. This reflects that the existence of the loan agreement was disclosed. The Elmores' evidence, therefore, is not significantly probative in refuting Defendants' summary judgment evidence.

Even if the Elmores were able to show that Morris and Kalin's deed of trust lacked consideration, the fraud claim would still fail. The Elmores have not submitted any evidence that a false representation was made to them about the priority status of their deed of trust. While the Elmores allege that no document exists that indicates that their deed of trust was secondary to Morris and Kalin's, they have also not submitted any evidence that would indicate that they were informed that their deed of trust was primary. As such, the Elmores cannot establish the first two elements of a fraud claim under Mississippi law, and this claim should be dismissed.

Under Mississippi law, a plaintiff's fraudulent omission claim is "dependent on the existence of a fiduciary or other confidential relationship." *Frye v. Am. Gen. Finance, Inc.*, 307 F. Supp. 2d 836, 842 (S.D. Miss. 2004). A fiduciary relationship does not exist in an arms-length transaction. *Hartman v. McInnis*, 996 So. 2d 704, 708 (Miss. 2007). In this case, Defendants argue that their real estate transaction with Plaintiffs was an arms-length business transaction such that there was no duty to disclose imposed upon them. Def. Mem. [35] at 15; *see also* Def. Ex. C [32-4], Dep. of Billy Elmore, pg. 55 ("I've never met Mr. Kalin. I met Brian [Morris] a couple of times."). The Elmores do not contest this assertion and have not presented any evidence to show that a fiduciary relationship existed between them

and Defendants. Defendants are entitled to judgment as a matter of law on the fraud by omission claim.

F.   <u>Plaintiffs' request to remove cloud on title and set aside of deed of trust</u>

The Elmores ask the Court to set aside Morris and Kalin's deed of trust and remove its cloud on the property's title. Am. Compl. [1-1] at 3. Defendants Morris and Kalin have demonstrated that they are entitled to summary judgment on all of the Elmores' other claims, and Defendant SRF has shown that it is entitled to summary judgment on all of the Elmores' claims except the two seeking specific performance of the promissory note and its associated attorney's fees. As such, Plaintiffs' request to remove any cloud on title or set aside Defendants' deed of trust is not available and this claim should be dismissed.

III.   <u>CONCLUSION</u>

Defendants Morris and Kalin have shown that they are entitled to judgment as a matter of law. Defendant SRF has demonstrated that it is entitled to partial summary judgment on all but two of Plaintiffs' claims. To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Martin Kalin and Brian Morris's Motion [32] for Summary Judgment is **GRANTED**. All claims raised by Plaintiffs Billy E. Elmore and Elizabeth A. Elmore against Defendants Marin Kalin and Brian Morris are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Shadow

13

Ridge Farm, LLC's Motion [34] for Partial Summary Judgment is **GRANTED**. Plaintiffs Billy E. Elmore and Elizabeth A. Elmore's claims against Defendant Shadow Ridge Farm, LLC are **DISMISSED WITH PREJUDICE**, with the exception of those claims against Defendant Shadow Ridge Farm, LLC, seeking specific performance of the promissory note and associated attorney's fees. These two claims will proceed.

**SO ORDERED AND ADJUDGED**, this the 16th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE